STATE OF NORTH CAROLINA v. GARY WATTS

No. 7826SC585

(Filed 7 November 1978)

**Landlord and Tenant § 18— notice to tenant to vacate premises—no simulation of court process**

    A "Notice to Vacate" for nonpayment of rent sent by a realtor to a tenant did not simulate a court process in violation of G.S. 14-118.1 because it contained the words "State of North Carolina" and "County of Mecklenburg" preceding the words "Notice to Vacate" or because the signature of the person who issued the notice was notarized, especially since the notice was issued in the name of a realty company as agent for the owner and not in the name of any person purportedly having authority to issue a court process, and since any inference that the notice was intended to simulate a court process was negated by a statement in the body of the notice that action would be taken in the District Court of Mecklenburg County to remove the tenant from the premises if he failed to vacate as notified.

APPEAL by defendant from *Johnson, Judge.* Judgment entered 22 March 1978 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 19 October 1978.

Defendant, president of a realty agency, was convicted of intimidating a tenant by issuance of a "Notice To Vacate" which simulated a court process in violation of G.S. 14-118.1, and he appeals from the judgment imposing a jail sentence suspended upon condition that he pay a fine of $200.00 and court costs and he not use a document similar to the "Notice to Vacate".

*Attorney General Edmisteń by Assistant Attorney General Charles J. Murray for the State.*

*Lindsey, Schrimsher, Erwin, Bernhardt and Hewitt by Lawrence W. Hewitt for defendant appellant.*

CLARK, Judge.

The sole question presented on appeal is whether the trial court erred in failing to grant defendant's motions for nonsuit.

G.S. 14-118.1 provides:

> "*Simulation of court process in connection with collection of claim, demand or account.* — It shall be unlawful for any person, firm, corporation, association, agent or employee to in any manner coerce, intimidate or attempt to coerce or intimidate any person by the issuance, utterance or delivery of any matter, printed, typed or written, which simulates or is intended to simulate a summons, warrant, writ or other court process in connection with any claim, demand or account or any forms of demand or notice or other document drawn to resemble court process, writs, summonses, warrants or pleadings or any simulation of seals or words using the name of the State or county or any likeness thereof, or the words 'State of North Carolina' or any of the several counties of the State as a part of such simulation. Any violation of the provisions of this section shall be a misdemeanor and shall be punishable by a fine of not more than two hundred dollars ($200.00) or by imprisonment of not more than six months, or both such fine and imprisonment, in the discretion of the court."

The printed "Notice to Vacate", referred to in the magistrate's summons, and introduced in evidence as State's Exhibit #1, which was issued by defendant to his tenant, Fred Moore, was as follows:

"STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

Notice To Vacate

TO: Mr. Fred Boyd-Moore
1025 Trembeth Avenue
Charlotte, NC 28205

YOU ARE HEREBY NOTIFIED THAT YOU ARE REQUIRED TO VACATE THE PREMISES NOW OCCUPIED BY YOU, LOCATED AT:

1025 Trembeth Avenue IN THE CITY OF Charlotte, Mecklenburg County, STATE OF NORTH CAROLINA, ON OR BEFORE Monday, August 16, 1976.

YOU WILL FURTHER TAKE NOTICE THAT IF YOU FAIL TO VACATE THE SAID PREMISES AS REQUIRED IN THIS NOTICE, ACTION WILL BE TAKEN TO REMOVE YOU THERE FROM THROUGH THE DISTRICT COURT OF MECKLENBURG COUNTY, IN THE MANNER PROVIDED BY LAW.

THE CAUSE OF THIS NOTICE IS Non-payment of rent in the amount of $100.00, plus late charges in the amount of $16.00, and Vacate Notice fee of $10.00. The total being $126.00.

THIS 11th DAY OF August, 1976.

Watts Realty Company
AGENT FOR OWNER

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

I, Roberta S. Plummer, a Notary Public for said County and State aforesaid do hereby certify that Watts Realty Company by Deborah Parham, Agent for Owner, personally appeared before me this day and acknowledged the due execution of the foregoing Notice to Vacate.

WITNESS my hand and notarial Seal, this 11th day of August, 1976.

s/ Roberta S. Plummer
   Notary Public
   My Commission Expires: July 15, 1981

(Affix Seal)"

The use of the words "STATE OF NORTH CAROLINA" and "COUNTY OF MECKLENBURG" preceding the words "Notice To Vacate" were not sufficient to constitute a simulated court process in violation of G.S. 14-118.1. They are often used in deeds, leases, contracts and other paper writings which are not and do

not purport to be court processes. The fact that the signature of Deborah Parham was notarized is not sufficient to constitute a simulation of a court process since signatures are frequently notarized on legal documents other than court processes.

Nor do the words "Notice To Vacate" simulate a court process because the notice was issued in the name of "Watts Realty Company, Agent for Owner" and not the name of any court or any person purportedly having authority to issue a court process.

In the body of the Notice, addressed to the tenant, the tenant is advised that if he fails to vacate the house as notified "ACTION WILL BE TAKEN TO REMOVE YOU THERE FROM THROUGH THE DISTRICT COURT OF MECKLENBURG COUNTY . . . ." This language is sufficient to negate any inference that the notice was intended to simulate a court process. The tenant is simply informed that the realty agency intends to take court action to evict him from the premises if he does not vacate as notified.

In interpreting G.S. 14-118.1 and in determining whether the "Notice To Vacate" constitutes a violation of the statute we do not assume that the tenant to whom the Notice is directed is illiterate or so lacking in intelligence that he cannot understand the clear import of the language in the notice. Even if it be conceded that the Notice is coercive or intimidating, there is no violation of the statute because there is nothing to support the element of the statutory crime that the Notice "simulates or is intended to simulate" a court process.

The judgment is vacated and the charge is dismissed.

Judges ARNOLD and ERWIN concur.